IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAWN FRIX, | |
| Plaintiff, | Civil Action File No. |
| vs. | Jury Trial Demanded |
| EQUIFAX, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Shawn Frix ("Frix"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Equifax, Inc. ("Equifax") and shows the Court as follows:

**INTRODUCTION**

This is an FLSA case. Frix brings this action because Equifax failed to pay him for hours worked in excess of 40 hours in numerous workweeks.

**JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b),

28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Equifax is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

3.

Frix resides in Charlottesville, Albemarle County, Virginia.

4.

Equifax employed Frix in and around Alpharetta, Georgia.

5.

Equifax contracted Plaintiff from approximately August 2007 through July 2009.

6.

Equifax employed Plaintiff from approximately August 2009 through January 9, 2015.

7.

Equifax employed Frix as an Information Analyst from 2009 through approximately late 2013.

8.

Equifax employed Frix as an unofficial "Back up Lead" from approximately late 2013 through September 2014.

9.

Equifax employed Frix as a Lead Information Analyst from approximately October 2014 through January 9, 2015.

10.

At all times material hereto from May 2012 through January 9, 2015, Frix has been an "employee" of Equifax as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

Equifax may be served with process through its registered agent Dean C. Arvidson, 1550 Peachtree Street, NW, H46, Atlanta, Georgia 30309.

12.

Equifax is a corporation organized under the laws of the State of Georgia.

13.

Equifax is subject to the personal jurisdiction of this Court.

14.

At all times material hereto, Equifax has been an "employer" of Frix as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

From on or about May 2012 until January 9, 2015, Equifax was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2012, Equifax had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Equifax had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Equifax had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2015, Equifax had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Equifax had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Equifax had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Equifax had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Equifax had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Equifax had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, Equifax had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Equifax had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Equifax had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, Equifax has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

At all times material hereto, Defendant paid Plaintiff on an hourly basis.

30.

At all times material hereto, Plaintiff was classified by Defendant as non-exempt.

31.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

32.

At all times material hereto, Equifax did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

33.

At all times material hereto, Equifax did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

34.

At all times material hereto, Equifax did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Equifax did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

36.

At all times material hereto, Frix normally recorded 40 hours on his time sheet regardless of the amount of time actually worked.

37.

At all times compensable from May 2012 through approximately late 2013, Frix regularly worked 45-50 hours per week while recording only 40 hours on his time sheet.

38.

Beginning in late 2013, Frix regularly worked between 45 and 50 hours in a workweek while recording only 40 hours on his time sheet.

39.

In mid-2014, Frix regularly worked between 50 and 60 hours—and occasionally more—in a workweek while recording only 40 hours on his time sheet.

40.

At all times compensable, Frix often performed work for Defendant from home after normal working hours.

41.

In addition to the times set out above, Frix worked outside of the office responding to e-mails and other queries for which he was not paid.

42.

At all times material hereto, Defendant knew—or should have known in its exercise of reasonable management—that Plaintiff worked in excess of 40 hours during each work week.

## COUNT I - FAILURE TO PAY OVERTIME

43.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

44.

At all times material hereto, Frix has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

45.

During his employment with Defendants, Frix regularly worked in excess of forty (40) hours each week.

46.

Defendants failed to pay Frix at one and one half times his regular rate for work in excess of forty (40) hours during many weeks from May 2012 through January 9, 2015.

47.

Defendants willfully failed to pay Frix at one and one half times his regular rate for work in excess of forty (40) hours during many weeks from May 2012 through January 9, 2015.

48.

Frix is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Frix is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of overtime compensation as alleged above, Frix is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                              *DELONG CALDWELL BRIDGERS*
                                              *& FITZPATRICK, LLC*

| | |
|---|---|
| 3100 CENTENNIAL TOWER | */S/CHARLES R. BRIDGERS* |
| 101 MARIETTA STREET | CHARLES R. BRIDGERS |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 080791 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | */S/ KEVIN D. FITZPATRICK, JR.* |
| kevin.fitzpatrick@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 262375 |
| | |
| | COUNSEL FOR PLAINTIFF |

Page 11