UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWN FRIX,

        Plaintiff,

v.                                  Case No. 1:15-cv-01923-AT

EQUIFAX, INC.,

        Defendant.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL
## AND DISMISSAL OF LAWSUIT WITH PREJUDICE

Plaintiff SHAWN FRIX ("Plaintiff") and Defendant EQUIFAX INC. ("Defendant"), by their undersigned counsel and pursuant to this Court's Notice Regarding FLSA Cases (Dkt. 4), jointly move the Court to approve their settlement agreement as fair and reasonable and to dismiss this lawsuit with prejudice, with each side bearing its own attorneys' fees and costs, except as otherwise agreed to by the Parties in the settlement agreement. In support of this Motion, the Parties respectfully state as follows:

1. Plaintiff filed this lawsuit on May 28, 2015, alleging that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, by failing to properly compensate him for overtime hours that he alleges to

have worked "off the clock." Defendant vigorously denies Plaintiff's claims and allegations and denies that it violated Plaintiff's rights under the FLSA in any way.

2.  The Parties dispute, among many other points, whether Plaintiff worked in excess of 40 hours per week and, even if he could prove that he did, whether Defendant "suffered or permitted" him to work those hours, within the meaning of the FLSA.  Counsel for the Parties believe the final settlement amounts are a reasonable compromise and within the range of the evidence taking into account other legal uncertainties.  This is a single-plaintiff lawsuit.  Plaintiff's claims and allegations are unique to his own individual circumstances while employed by Defendant.  Thus, Plaintiff did not include collective action allegations in his Complaint or seek conditional certification of an FLSA collective action.

3.  From on or around June 22, 2015 through October 14, 2015, the Parties conducted settlement discussions by phone and email through their counsel, each of whom acted in good faith and at arms' length to zealously represent their respective client's interests in discussing the possibility of settlement.

4.  Through their settlement discussions, the Parties were able to resolve this lawsuit prior to expending significant time, energy, and resources on discovery.  The terms of the Parties' agreement to resolve this lawsuit are set forth

in their settlement agreement, which is attached as Exhibit A.

5. Plaintiffs' counsel states the amount of attorney fees agreed upon is approximately equal to the total amount recorded by Plaintiff's counsel at rates reasonable for this District. Based on the amounts to be paid to Plaintiff, which were negotiated separately, as well as the separate amounts to be paid to Plaintiff's counsel for a contractually set payment to attorneys of twenty-five percent of the liquidated damages paid to Plaintiff in consideration of attorney's agreement to advance reasonable costs and based on the differing standards set out for the award of liquidated damages under the FLSA, counsel for the Plaintiff believes the settlement was transparent, fair and reasonable.

6. The Parties represent that their settlement agreement is a fair and equitable resolution of this action in light of the contested issues, the costs and uncertainty of continued litigation, and, relatedly, the fact that the Parties have been able to direct resources toward settlement that they may have otherwise been required to direct toward costly discovery and litigation.

7. When drafting the terms of the settlement agreement, both Plaintiff and Defendant were represented by counsel experienced in litigating employment issues and, in particular, wage-and-hour issues. Plaintiff was represented by counsel at all times since the lawsuit commenced.

8. Pursuant to this Court's Notice Regarding FLSA Cases (Dkt. 4), the Parties seek judicial approval of their settlement.

9. The Parties' settlement agreement includes an Agreement Not to Publicize Settlement provision. The Parties agree that this provision remains in full force and effect in the sense that Plaintiff and his counsel agree to abide and be bound by the prohibition on discussing information about the lawsuit, the settlement agreement, and the negotiations leading to the agreement, outside of the proceedings necessary to obtain Court approval of the agreement. The agreement provides specific consideration to Plaintiff with respect to this provision.

10. Because the settlement agreement resolves all issues in this lawsuit, the Parties respectfully ask that the lawsuit be dismissed with prejudice, once the Court approves the settlement agreement, with the Court retaining jurisdiction over the matter until all consideration provided for in the Settlement Agreement is paid.

WHEREFORE, the Parties respectfully request that this Court review their settlement agreement and issue an Order approving such agreement and dismissing this lawsuit with prejudice, with each side bearing its own attorneys' fees and costs, except to the extent provided for in the settlement agreement.

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), the Parties certify that this document has been prepared in Times New Roman 14-point, one of the fonts approved in Local Rule 5.1(B).

Respectfully submitted, this 17th day of November, 2015.

| | |
|---|---|
| s/ Charles R. Bridgers | s/ Gregory L. Smith, Jr. |
| Kevin D. Fitzpatrick, Jr. | Gregory L. Smith, Jr. |
| Georgia Bar No. 262375 | Georgia Bar No. 658369 |
| kevin.fitzpatrick@dsbflegal.com | glsmith@seyfarth.com |
| Charles R. Bridgers | Kevin M. Young |
| Georgia Bar No. 080791 | Georgia Bar No. 183770 |
| charlesbridgers@dsbflegal.com | kyoung@seyfarth.com |
| DELONG, CALDWELL, BRIDGERS & FITZPATRICK, L.L.C. | SEYFARTH SHAW LLP |
| 3100 Centennial Tower | 1075 Peachtree Street, N.E. |
| 101 Marietta Street | Suite 2500 |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30309 |
| Telephone: (404) 979-3171 | Telephone: (404) 885-1500 |
| Facsimile: (404) 979-3170 | Facsimile: (404) 724-1697 |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day, November 17, 2015, served a copy of the foregoing document on the following counsel of record via CM/ECF:

Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
DELONG CALDWELL
BRIDGERS & FITZPATRICK, L.L.C.
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

                        s/ Gregory L. Smith, Jr.
                        Counsel for Defendant

21780348v.1